IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEE V. QUILLAR,

        Plaintiff,                     No. CIV S-06-2394 FCD GGH P

    vs.

NIKKI ZEPEDA, et al.,              ORDER

        Defendants.

        This matter was removed to federal court in the Eastern District of California by the served defendants, N. Zepeda, M. Veal, T. Schwartz, V. Cullen, S. O'Ran, R. Anderson, J. Hollinger, D. Shankland, and A. Hadenfeldt, on October 27, 2006. Plaintiff had initially filed this action in the Solano County Superior Court on August 1, 2006. The action was removed by defendants on the basis that this court has original jurisdiction under 28 U.S.C. § 1331 (federal question), pursuant to 28 U.S.C. § 1441(b), because plaintiff alleges violation of his constitutional rights.

        The court's review of the complaint, however, indicates that the filing, which consists of more than 215 pages, including exhibits, is violative of Fed. R. Civ. P 8. Rule 8 sets forth general rules of pleading in the federal courts. Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim

showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  All that is required are sufficient allegations to put defendants fairly on notice of the claims against them.  See Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957);  5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990).  Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991)).  Accord Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of  Rule 8.)

   Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper.  McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (stating that a complaint should set forth "who is being sued, for what relief, and *on what theory*, with enough detail to guide discovery" (emphasis added)).  A complaint that fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).  Rule 8; Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981)).  Further, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit," McHenry 84 F.3d at 1179.

   The complaint in this action illustrates the "unfair burdens" imposed by complaints, "prolix in evidentiary detail, yet without simplicity, conciseness and clarity" which "fail to perform the essential functions of a complaint." McHenry , 84 F.3d at 1179-80.  Plaintiff's complaint sets forth a series of events seeking to implicate some 12 defendants (nine of whom have been served), but he does not adequately set forth the constitutional deprivation to which each defendant is linked in a concise and coherent fashion.  Plaintiff sets forth extended conversations in quotations without providing the source for the conversation as though he had memorized the exchanges verbatim.  Plaintiff makes conclusory allegations of retaliation and conspiracy.  He makes vague references to his "illegal C/C status," and to other actions he has

filed. He refers to false allegations and violations of due process with regard to hearings on rules violation reports. Plaintiff must, as to each named defendant, set forth the allegations that rise to the level of a constitutional deprivation against that individual and not simply recount a series of events and incidents that plaintiff finds blameworthy.

In framing a claim of retaliation, for example, plaintiff must set forth the protected conduct in which he engaged that subjected him to defendants' retaliatory actions. Plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989); Rizzo 778 F.2d at 532. The plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory. Pratt at 806 (citing Rizzo at 532). Verbal harassment alone is insufficient to state a claim. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). However, even threats of bodily injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act itself. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Mere conclusions of hypothetical retaliation will not suffice, a prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 (n.1) (10th Cir. 1990).

In Pratt, the Ninth Circuit concluded that in evaluating retaliation claims, courts should defer "to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt, 65 F.3d at 807 (citing Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293 (1995)).

To set forth a claim of a violation of the Eighth Amendment by being confined in segregated housing for an extended period, plaintiff must demonstrate that he was subjected to an inhumane condition to which defendants were deliberately indifferent. In Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994) the Supreme Court defined a very strict standard which a plaintiff must meet in order to establish "deliberate indifference." Of course, negligence is

insufficient. Farmer, 511 U.S. at 835, 114 S. Ct. at 1978. However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient. Id. at 836-37, 114 S. Ct. at 1979. Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk. Id. at 842, 114 S. Ct. at 1981.

It is nothing less than recklessness in the criminal sense – subjective standard – disregard of a risk of harm of which the actor is actually aware. Id. at 838-842, 114 S. Ct. at 1979-1981. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837, 114 S. Ct. at 1979. Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847, 114 S. Ct. at 1984. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 842, 114 S. Ct. at 1981. If the risk was obvious, the trier of fact may infer that a defendant knew of the risk. Id. at 840-42, 114 S. Ct. at 1981. However, obviousness per se will not impart knowledge as a matter of law.

To frame a denial of a right of access to the courts claim, plaintiff must allege the requisite "actual injury" necessary to support a claim for denial of access to the courts under the First Amendment. Lewis v. Casey, 518 U.S. 343, 351-53, 355, 116 S. Ct. 2174 (1996) (prisoner must allege actual injury). The court held that before a denial of access to the courts claim can go forward, an inmate must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." Id. Accordingly, before a claim of denial of access to the courts can proceed, an inmate must demonstrate that he was precluded or thwarted in his efforts to present a legally or factually arguable claim to the courts. Plaintiff must set forth who deprived plaintiff of his right of access to the courts and by what manner and how his legal claim was non-frivolous in a fashion that is not scattered throughout the complaint but organized and plainly linked to the defendant or defendants he alleges were responsible.

To the extent that plaintiff seeks money damages for alleged violations of due process with regard to any prison disciplinary action for which he was assessed a loss of time credits, such claims may be barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994). In Heck, an Indiana state prisoner brought a civil rights action under § 1983 for damages. Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure"). Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody. The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 1983.

Heck, 512 U.S. at 486, 114 S. Ct. at 2372. The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed. Id.

In Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584 (1997), the Supreme Court held that Heck applies to challenges to prison disciplinary hearings when the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment. Edwards rejected the Ninth Circuit's holding in Gotcher v. Wood, 66 F.3d 1097, 1099 (9th Cir. 1995) that a claim challenging only the procedures employed in a disciplinary hearing is not barred by Heck. Plaintiff must demonstrate that the judgment of any hearing he challenges has been invalidated before he may seek money damages based on alleged due process violations

5

involved in a prison disciplinary action.

Plaintiff's complaint will be dismissed with leave to amend within thirty days. The body of plaintiff's amended complaint will not exceed 15 pages. He may attach exhibits not to exceed an additional 25 pages. Plaintiff will also be given the opportunity to file an in forma pauperis application so that he might make the showing required by 28 U.S.C. § 1915(a). Although plaintiff is not responsible for paying the filing fee which has been paid by the defendants who removed this action, should plaintiff demonstrate that he is entitled to in forma pauperis status, upon screening of the amended complaint, should the court determine that plaintiff has made colorable claims as to unserved defendants, the court will be able to direct the U.S. Marshal to serve process upon any unserved defendant on plaintiff's behalf. Otherwise, pursuant to Fed. R. Civ. P. 4, plaintiff will have to complete service of process upon any unserved defendants himself. The court will direct the Clerk of the Court to provide plaintiff with the form for filing a civil rights action by a prisoner in this district as well as the application to proceed in forma pauperis by a prisoner.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is

because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS ORDERED that:

1. Plaintiff's complaint is dismissed with leave granted for plaintiff to file an amended complaint, within thirty days of the date of this order, not to exceed 15 pages, with exhibits not to exceed an additional 25 pages (for a total of not more than 40 pages), as set forth above; failure to comply with this order will result in a recommendation of dismissal of this action;

2. Should plaintiff elect to proceed in forma pauperis, he must submit, within thirty days, an affidavit in support of a request to proceed in forma pauperis on the form provided by the Clerk of Court; however, plaintiff will not be assessed any filing fee in this removed action;

3. The Clerk of the Court is directed to send plaintiff a form for filing a civil rights action by a prisoner in this district and an Application to Proceed In Forma Pauperis By a Prisoner.

DATED: 4/4/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
quil2394.ord