IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEE V. QUILLAR,

       Plaintiff,                       No. CIV S-06-2394 FCD GGH P

   vs.

NIKKI ZEPEDA, et al.,               ORDER

       Defendants.

_____/

       By order, filed on April 4, 2007, plaintiff's complaint of more than 215 pages, which had been removed to federal court by the served defendants, N. Zepeda, M. Veal, T. Schwartz, V. Cullen, S. O'Ran, R. Anderson, J. Hollinger, D. Shankland, and A. Hadenfeldt, was dismissed with plaintiff granted leave to file an amended complaint within thirty days, not to exceed 15 pages, with exhibits not to exceed an additional 25 pages, for a total of 40 pages. Plaintiff was cautioned that failure to comply with this order would result in a recommendation of dismissal. Although plaintiff filed his amended complaint timely, it did not comply with the order in consisting of some 82 pages. However, the court will not strike the amended complaint because it appears that plaintiff has made an effort to confine the body of his allegations to approximately 15 pages.

\\\\\

In the prior order, plaintiff was given the opportunity to file an in forma pauperis application so that he might make the showing required by 28 U.S.C. § 1915(a), although plaintiff was informed that he is not responsible for the filing fee which has been paid by the defendants who removed this action. Plaintiff, however, was permitted a chance to demonstrate that he is entitled to in forma pauperis status so that, upon screening of the amended complaint, if the court were to determine that plaintiff has made colorable claims as to unserved defendants, the U.S. Marshal could be directed to serve process upon any unserved defendant on plaintiff's behalf, rather than, pursuant to Fed. R. Civ. P. 4, plaintiff being required to complete service of process upon any unserved defendants himself.

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), and plaintiff will be allowed to proceed in forma pauperis, with no further filing fee to be assessed.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

\\\\\

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The amended complaint states a colorable claim for relief against defendants Shankland, Zepeda, Hadenfeldt, Robinson, Cullen, O'Ran, Anderson, Martinez, and Hall, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

The gravamen of the amended complaint is that plaintiff has been deprived of due process and subjected to cruel and unusual punishment by being subjected to procedurally defective disciplinary hearings and to placement in Administrative Segregation (Ad Seg) at California Medical Facility-Vacaville.  Plaintiff also makes claims of First Amendment violations in the form of retaliation and denial of access to the courts.  He seeks declaratory and injunctive relief and money damages.  As to each of the defendants, plaintiff expressly states that each "is being sued individually," with no reference made to official capacity.

As to plaintiff's claims for injunctive relief, court records indicate that plaintiff is no longer incarcerated at California Medical Facility (CMF)-Vacaville.[1]  When an inmate seeks injunctive relief concerning an institution at which he is no longer incarcerated, his claims for such relief become moot.  See  Sample v. Borg, 870 F.2d 563 (9th Cir. 1989); Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986).  See also Reimers v. Oregon, 863 F.2d 630, 632

---

[1] Plaintiff filed a notice of change of address, on June 18, 2007, indicating a transfer to California State Prison - Folsom.

(9th Cir. 1988). Plaintiff's claims for prospective injunctive relief will be dismissed, but plaintiff will be granted leave to demonstrate a reasonable possibility that he will be incarcerated at CMF-Vacaville at a predictable time in the future and to demonstrate a reasonable possibility that if re-transferred to CMF-Vacaville at some uncertain time in the future that he would be subject to the conditions of which he complains.[2]

> The Civil Rights Act under which this action was filed provides as follows:
>
> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

---

[2] Another ground for dismissal of plaintiff's injunctive relief claims is that plaintiff names no defendant in an official capacity in stating explicitly only that he is suing the defendants "individually." Just as it is not necessary to allege Monell policy grounds when suing a state or municipal official in his or her official capacity for injunctive relief related to a procedure of a state entity, Chaloux v. Killeen, 886 F.2d 247 (9th Cir. 1989), it follows that it is not necessary to allege the personal involvement of a state official when plaintiffs are attacking a state procedure on federal grounds that relates in some way to the job duties of the named defendant. All that is required is that the complaint name an official who could appropriately respond to a court order on injunctive relief should one ever be issued. Harrington v. Grayson, 764 F. Supp. 464, 475-477 (E.D. Mich. 1991); Malik v. Tanner, 697 F. Supp. 1294, 1304 (S.D.N.Y. 1988). ("Furthermore, a claim for injunctive relief, as opposed to monetary relief, may be made on a theory of respondeat superior in a § 1983 action."); Fox Valley Reproductive Health Care v. Arft, 454 F. Supp. 784, 786 (E.D. Wis. 1978). See also, Hoptowit v. Spellman, 753 F.2d 779 (9th Cir. 1985), permitting an injunctive relief suit to continue against an official's successors despite objection that the successors had not personally engaged in the same practice that had led to the suit. However, because a suit against an official in his or her official capacity is a suit against the state, policy or procedure of the state must be at issue in a claim for official capacity injunctive relief. Haber v. Melo, 502 U.S. 21, 25, 112 S. Ct. 358, 361-62 (1991).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's allegations with regard to defendant Warden Schwartz rest on her letter response to allegations he made about CMF staff misconduct.  Plaintiff includes a copy of the letter, dated October 20, 2005.  The letter, on the face of it, appears to be responsive to his requests and to, for example, provide information as to any outside agencies he could contact with regard to his complaint,[3]  The court finds that plaintiff simply has not made a colorable showing of defendant Schwartz's personal involvement in any constitutional deprivation plaintiff may have suffered.   Plaintiff's allegations with respect to Acting Warden Veal are similarly based.  These defendants will be dismissed and plaintiff granted leave to amend.

As to defendants Twyman and Hollinger, it is unclear whether plaintiff's claims against them are Heck-barred. To the extent that plaintiff seeks money damages for alleged violations of due process with regard to any prison disciplinary action for which he was assessed a loss of time credits, such claims may be barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994).  In Heck, an Indiana state prisoner brought a civil rights action under § 1983 for damages.  Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure").

---

[3] It does not appear that plaintiff provided a copy of his own letter to defendant Schwartz.

Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody. The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under 1983.

Heck, 512 U.S. at 486, 114 S. Ct. at 2372. The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed. Id.

In Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584 (1997), the Supreme Court held that Heck applies to challenges to prison disciplinary hearings when the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment. Edwards rejected the Ninth Circuit's holding in Gotcher v. Wood, 66 F.3d 1097, 1099 (9th Cir. 1995) that a claim challenging only the procedures employed in a disciplinary hearing is not barred by Heck. As plaintiff has been previously informed, he must demonstrate that the judgment of any hearing he challenges has been invalidated before he may seek money damages based on alleged due process violations involved in a prison disciplinary action. While there is some evidence that can pieced together from the court's review of plaintiff's allegations and (excessive) exhibits that at least one disciplinary hearing was invalidated due to due process violations, it is not clear that defendants Twyman and Hollinger were implicated in involvement with that particular disciplinary hearing. Defendants Twyman and Hollinger will be dismissed with leave to amend.

\\\\\

1 Plaintiff's amended complaint will be dismissed with leave to amend within thirty
2 days.  Once again, plaintiff is directed not to exceed 15 pages in the body of his allegations and
3 not to exceed an additional 25 pages of exhibits for a 40-page total.  If plaintiff chooses to amend
4 the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a
5 deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).
6 Also, the complaint must allege in specific terms how each named defendant is involved.  There
7 can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection
8 between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362
9 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,
10 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in
11 civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
12 Cir. 1982).

13 In addition, plaintiff is informed that the court cannot refer to a prior pleading in
14 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
15 amended complaint be complete in itself without reference to any prior pleading.  This is
16 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
17 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
18 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
19 original complaint, each claim and the involvement of each defendant must be sufficiently
20 alleged.

21 Motion to Screen

22 The court, having screened the amended complaint, will deny as moot defendants'
23 May 18, 2007, motion requesting screening of the amended complaint.

24 Accordingly, IT IS ORDERED that:

25 1. Plaintiff is granted in forma pauperis status; however, the filing fee having
26 been paid in full, no further filing fee is assessed;

1        2. Plaintiff's claims against defendants Schwartz, Veal, Twyman and Hollinger, as well as plaintiff's claims for injunctive relief, are dismissed for the reasons discussed above, with leave to file a second amended complaint within thirty days from the date of service of this Order. Any second amended complaint must not exceed 15 pages, with exhibits not to exceed an additional 25 pages (for a total of not more than 40 pages), as set forth above; any second amended complaint which fails to comply strictly with this page length requirement, even if filed timely, will most likely be stricken.

      3. Upon the filing of a second amended complaint or expiration of the time allowed therefore, the court will make further orders for service of process upon some or all of the defendants.

      4. Defendants May 18, 2007, motion requesting screening of amended complaint is denied as moot.

DATED: 10/15/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS  
UNITED STATES MAGISTRATE JUDGE

GGH:009  
quil2394.b1