IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEE V. QUILLAR,

        Plaintiff,                         No. CIV S-06-2394 FCD GGH P

    vs.

NIKKI ZEPEDA, et al.,

        Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

Introduction

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for a temporary restraining order (TRO) and preliminary injunction, filed on 8/05/08, to which defendants filed an opposition, after which plaintiff filed a reply. Plaintiff has also submitted a subsequent motion to strike a portion of his request for a TRO.

Procedural Background

        This action was removed from state court by defendants on 10/27/06, and originated with a case filed in Solano County Superior Court on 8/01/06. On 4/04/07, the complaint was dismissed with leave to amend. Plaintiff took issue with certain parameters of the order and filed an interlocutory appeal to the Ninth Circuit on 4/11/07, which was subsequently

1

dismissed for lack of jurisdiction (see docket # 18 & # 19, filed on 7/23/07). Plaintiff also filed a first amended complaint, on 4/18/07, which was dismissed with regard to certain claims and defendants on 10/15/07, with leave to amend. This matter proceeds on a second amended complaint filed on 11/13/07. See Orders, filed on 4/25/08 (# 26) & on 7/18/08 (# 28). Defendants have yet to file a responsive pleading to the underlying second amended complaint, but have been granted an extension of time until 10/22/08 to do so. See Order, filed on 9/23/08 (# 39).

Underlying Allegations

Named as defendants are Nikki Zepeda, D. Shankland, L. Robinson, J. Martinez, Hadenfeldt, C. L. Twyman, Hollinger, R. Anderson, V. Cullen, S. O'Ran, and S. Hall. The gravamen of plaintiff's second amended complaint is that the defendant prison officials have acted in retaliation against him for filing a prior civil rights complaint; engaged in making false allegations against him, resulting in sham disciplinary reports and hearings in violation of his right to due process; wrongfully confined him in administrative segregation;[1] attacked him and used excessive force as he sought to follow a medically prescribed diet. See second amended complaint. Plaintiff also claims to have been deprived of access to his legal property such that he was unable to meet a United States Supreme Court deadline pursuant to an order issued by Justice Sandra Day O'Connor when he sought a writ of certiorari in appealing his criminal conviction. Second Amended Complaint, p. 11. Plaintiff seeks money damages and declaratory relief. He also seeks permanent injunctive relief in the form of the court enjoining defendants to remove all CDC 115 disciplinary reports relating to the period of time from 8/28/05 through 8/24/06 and to return lost or destroyed personal property.[2]

\\\\\

---

[1] Conversely, plaintiff also contends that he sought placement in ad seg for security later.

[2] Obviously, destroyed property cannot be returned so it make be that plaintiff seeks compensation for any alleged property that may have been destroyed.

1 <u>Motion for TRO/Preliminary Injunction</u>

2        <u>TRO</u>

3        The purpose in issuing a temporary restraining order is to preserve the <u>status quo</u>

4 pending a fuller hearing.  The cases contain limited discussion of the standards for issuing a

5 temporary restraining order due to the fact that very few such orders can be appealed prior to the

6 hearing on a preliminary injunction.  It is apparent, however, that requests for temporary

7 restraining orders which are not <u>ex parte</u> and without notice are governed by the same general

8 standards that govern the issuance of a preliminary injunction.  <u>See</u> <u>New Motor Vehicle Bd. v.</u>

9 <u>Orrin W. Fox Co.</u>, 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); <u>Los Angeles Unified Sch.</u>

10 <u>Dist. v. United States Dist. Court</u>, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting);

11 <u>Century Time Ltd. v. Interchron Ltd.</u>, 729 F. Supp. 366, 368 (S.D.N.Y. 1990).  In many cases the

12 emphasis of the court is directed to irreparable harm and the balance of hardships because the

13 merits of a controversy are often difficult to ascertain and adjudicate on short notice.

14 <u>Preliminary Injunction Standard</u>

15        The legal principles applicable to a request for preliminary injunctive relief are

16 well established. "The traditional equitable criteria for granting preliminary injunctive relief are:

17 1) a strong likelihood of success on the merits, 2) the possibility of irreparable injury to plaintiff

18 if the preliminary relief is not granted, 3) a balance of hardships favoring the plaintiff, and 4)

19 advancement of the public interest (in certain cases)." <u>Dollar Rent A Car v. Travelers Indem.</u>

20 <u>Co.</u>, 774 F.2d 1371, 1374 (9th Cir. 1985).  The criteria are traditionally treated as alternative

21 tests. "Alternatively, a court may issue a preliminary injunction if the moving party demonstrates

22 '<u>either</u> a combination of probable success on the merits and the possibility of irreparable injury <u>or</u>

23 that serious questions are raised and the balance of hardships tips sharply in his favor.'" <u>Martin</u>

24 <u>v. International Olympic Comm.</u>, 740 F.2d 670, 675 (9th Cir. 1984) (quoting <u>William Inglis &</u>

25 <u>Sons Baking Co. v. ITT Continental Baking Co.</u>, 526 F.2d 86, 88 (9th Cir. 1975)).  The Ninth

26 Circuit has reiterated that under either formulation of the principles, if the probability of success

on the merits is low, preliminary injunctive relief should be denied:

> Martin explicitly teaches that "[u]nder this last part of the alternative test, even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits."

Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting Martin, 740 F.2d at 675).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Discussion

By his motion for a TRO or preliminary injunction, plaintiff seeks removal of dismissed or "completely false" CDC-115 disciplinary reports from his prison C-file because he anticipates being before the Board of Parole Hearings within 60 to 120 days. Motion, p. 2. In particular he claims that a completely untrue CDC-115 disciplinary report for "battery on a peace officer" is retained in his file. Id. He claims to have already been subjected to the loss of good time credits and stands to lose more, pursuant to Cal. Code Regs. tit.xv, §§ 2290-2292, 2410, 2439 (regulations that govern the earning of post-conviction credit, parole consideration criteria, etc., for life prisoners). He alleges that on 7/31/08, he received a progress report containing "very negative," but invalid information. Id, at 2-3.

Specifically, plaintiff claims that, on 9/13/05, in a "fraudulently written" CDC-115 disciplinary report it was alleged that plaintiff committed a battery on a peace officer; that on 12/21/05, the CDC-115 was ordered re-issued and re-heard based on due process violations; that on 4/17/06, upon re-hearing, there was another order to have the disciplinary report re-issued and re-heard; that on 8/16/05, in its third incarnation, the CDC-115 was completely dismissed based on plaintiff's having been completely deprived of due process at all three hearings. The court's

4

review of various of plaintiff's documents, although they are not formally authenticated and largely not submitted with the motion itself, appears to largely substantiate that claim.

In plaintiff's "Appendix in support of second amended complaint," which includes copies of RVR's and other documents submitted in somewhat haphazard fashion, indicates that RVR, Log # 02-H-0805-051, was signed by defendant Zepeda on 9/13/05, and states that plaintiff committed "Battery on a Peace Officer" on 8/28/05, for which plaintiff was found guilty at a 10/18/05 hearing. Docket # 21, pp. 8-9. The court takes judicial notice of the exhibits submitted in the original filing when the case was removed in state court,[3] wherein a second level appeal response, dated 1/18/06, to an appeal of the 10/18/05 finding of guilt for "Battery on a Peace Officer," RVR, Log # 02-H-0805-051 was partially granted, ordering that RVR, Log # 02-H-0805-051 was to be reissued and reheard, it having been found that plaintiff's due process rights had been violated at the prior hearing. Docket # 2-4, pp. 25-26. There is also a copy of a re-issue/re-hearing order re: RVR (CDC 115) Log. # 02-H-0805-051, dated 12/21/05, noting procedural due process deficiencies and directing that there be a new Senior Hearing Officer. A subsequent RVR evidently issued as a result, as indicated in a poor copy, identified as Log # 02-H-1205-054 , wherein at a re-hearing on 2/11/06 (signed on 2/18/06), plaintiff was again found guilty of battery on a peace officer. Docket # 21, pp. 18-19. In a subsequent re-hearing order, dated 4/17/06, again noting a procedural due process error and further noting that because time constraints were not met in the original hearing such that a credit forfeiture could not then be assessed, neither could such an assessment be made at the ordered re-hearing. Docket # 21, pp. 20-21; see also reply, docket # 32, pp. 16-20. Apparently, the third hearing took place or at least commenced on 5/13/06, with the RVR for the same incident now identified as Log # 02-H-0406-035. Docket # 21, pp. 22-23; docket # 32, p. 8. A second level appeal

---

[3] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

1 response, dated 8/16/06, as to a grievance concerning RVR, Log # 02-H-0406-035, indicated that

2 that RVR hearing occurred on 5/16/06. Id. at 24-25. Finding that plaintiff's due process rights

3 were violated, even to the extent of original re-issue/rehearing order, the appeal at the second

4 level was granted, the RVR was found to be "tainted" and was "dismissed for cause." Id., at 25.

5    Plaintiff attaches to his motion a document that appears to be a copy of the

6 prisoner progress report he references. In relevant part, it states:

> Prior to S's Life Term Start Date of 11/17/05, S was placed in ASU with MAX custody on 8/29/05 for Battery on Staff and issued an RVR. On 1/13/06 CMF ICC rel[e]ased S to the GP; however, when S arrived in the GP he stated "This is a setup! Take me back to the hole!" and was taken back to ASU. On 1/30/06 S was retained in ASU due to no GP bed space available. On 2/23/06 S refused a bed move to the GP and a CDC 114D was reissued to retain S in ASU. On 4/17/08[4], S again refused to move back to the GP stating he needed protection from staff. S was issued an RVR for Refusing Orders and was retained in ASU with MAX custody. S was adversely transferred to CEN and assigned to CLOB custody on 9/1/06.
>
> *The RVR for the Battery on Staff was ordered reissued/reheard two times and subsequently dismissed per Modification Order dated 9/15/06.*

16 Motion Attachment, copy of "Board of Prison Terms Life Prisoner: Progress Report," dated

17 7/21/08 and 7/24/08, p. 11 [emphasis added]. The second page of the report lists under "Prison

18 Behavior" disciplinary actions that appear to be unrelated to the dismissed RVR CDC 115

19 regarding Battery on a Peace Officer. Id., at 12.

20    Thus, the very report to which plaintiff alludes expressly sets forth that the RVR

21 for Battery on Staff, the only one he has sufficiently identified and challenged in his motion (as

22 Battery on a Peace Officer), has been dismissed. Plaintiff does not attach the modification order

---

[4] It appears that this date is a typographical error and should be 4/17/06, rather than 4/17/08. It is unclear whether the 10/19/06 third level appeal decision, noting that "appellant is to be commended for refusing a bed move to a dormitory when his case factors would preclude placement," acknowledging that "an administrative error occurred when the appellant's custody was briefly reduced," and that the RVR at issue in that appeal had been dismissed for "good cause," relates to any of the behavior included in the progress report above.

6

1  referenced; however, the court's own review of plaintiff's variously submitted documents
2  adequately demonstrates that three RVR's relating to the alleged 8/28/05, battery on a peace
3  officer, have been dismissed. It is evident that the progress report is predicated at least in large
4  part on a review of plaintiff's prison C-file. Therefore, the court logically infers that plaintiff's
5  prison file must contain documentation that the RVR at issue was ultimately dismissed, and, as
6  noted, plaintiff's own exhibits attest to that fact.

   Defendants in opposition maintain that the court has no jurisdiction to require expungement of the RVR from the prison records because 1) the court lacks jurisdiction over the Board of Parole Hearings as it has not been named as a defendant in the second amended complaint and under the Eleventh Amendment is immune from suit; in the alternative, 2) because the plaintiff's claims were not administratively exhausted under the PLRA prior to bringing this action. Opposition, pp. 1-6; Declaration of Deputy Attorney General Scott J. Reudale, defendants' counsel.

   Plaintiff in reply his seeks to clarify that despite his reference to both the California Department of Corrections and Rehabilitation (CDCR) and the Board in his motion, he intended to direct his requests toward the defendants seeking to have "defendants, and their associates from inferring that plaintiff has committed the acts as shown in his documentary board report." Plaintiff's declaration in reply, p. 1. Plaintiff further seeks to have any reference to the Board stricken from the motion, contending that he meant to implicate only defendants by his motion and have the court require them to remove the documents from his prison file. Reply; motion to strike portion of TRO.

   Plaintiff's request for any form of preliminary injunctive relief should be denied at this time. It is not clear whether or not his claims have been properly administratively exhausted and because defendants have yet to file any responsive pleading to the allegations of the underlying action, the court is unable to make such a determination and unable to adequately evaluate the likelihood of success on the merits. Nor does plaintiff make an adequate showing of

1  irreparable harm.  Because a Board progress report indicates precisely what plaintiff claims
2  occurred, that the RVR alleging "Battery on a Peace Officer" has been dismissed, it is not clear
3  how maintaining the records of the invalidated RVR inures to plaintiff's great prejudice at any
4  upcoming hearing before the Board.

5        Accordingly, IT IS RECOMMENDED that plaintiff's motion for a
6  TRO/preliminary injunction, filed on 8/05/08 (# 29) be denied.

7        These findings and recommendations are submitted to the United States District.
8  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
9  days after being served with these findings and recommendations, any party may file written
10 objections with the court and serve a copy on all parties.  Such a document should be captioned
11 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
12 shall be served and filed within ten days after service of the objections.  The parties are advised
13 that failure to file objections within the specified time may waive the right to appeal the District
14 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

15 DATED: 10/10/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
quil2394.pi