IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEE V. QUILLAR,

        Plaintiff,                  No. CIV S-06-2394 FCD GGH P

    vs.

NIKKI ZEPEDA, et al.,

        Defendant.           FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  On June 10, 2009, the undersigned issued an Order and Findings and Recommendations in response to defendant's motion to dismiss.[1]  The undersigned ordered that the motion to dismiss be granted as to defendants Shankland, Martinez and Hadenfelt with respect to the October 18, 2005, disciplinary hearing and the claim against Shankland for denial of access to the courts.  These claims were dismissed with leave to file a third amended complaint to provide more specific information.  On July 6, 2009, plaintiff filed a third amended complaint and on July 9, 2009, defendants filed a motion for the court to screen the third amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

---

[1]  The Findings and Recommendations were adopted by the district court on August 11, 2009, dismissing several other claims

§ 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief.  28

U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

(9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a

cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

"The pleading must contain something more...than...a statement of facts that merely creates a

suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at

570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."  Id.

In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

2

1   1843 (1969).

2           The June 10, 2009, Order and Finding and Recommendations granted plaintiff

3   leave to file a third amended complaint to provide details of the October 18, 2005,  disciplinary

4   hearing.  Plaintiff was to provide additional information concerning the alleged constitutional

5   deprivation, any alleged due process violations and why the claim is not moot as plaintiff was

6   given a rehearing.  With respect to plaintiff's claim for denial of access to the courts, plaintiff

7   was advised to provide information concerning the nature of the underlying suit, the documents

8   that he alleges were confiscated and how the confiscation prevented plaintiff from timely

9   proceeding with the legal action.  Plaintiff's third amended complaint fails to address these

10  issues.

11          While plaintiff's and defendant's pleadings focused on the alleged due process

12  violations at the October 18, 2005, disciplinary hearing, there was no actionable constitutional

13  deprivation.  In the third amended complaint plaintiff alleges that as a result of the hearing he

14  was denied normal privileges for his custody level and was confined to a cell except for the days

15  he was allowed to go to the yard.

16          "The requirements of procedural due process apply only to the deprivation of

17  interests encompassed by the Fourteenth Amendment's protection of liberty and property."

18  Board of Regents v. Roth, 408 U.S. 564, 569, 92 S.Ct. 2701 (1972).  State statutes and prison

19  regulations may grant prisoners liberty interests sufficient to invoke due process protections.

20  Meachum v. Fano, 427 U.S. 215, 223-27, 96 S.Ct. 2532 (1976).  However, the Supreme Court

21  has significantly limited the instances in which due process can be invoked.  Pursuant to Sandin

22  v. Conner, 515 U.S. 472, 483, 115 S.Ct. 2293 (1995), a prisoner can show a liberty interest under

23  the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement

24  that imposes an "atypical and significant hardship ... in relation to the ordinary incidents of prison

25  life."  Id. at 484.

26  \\\\\

3

1    In this case, plaintiff has failed to establish a liberty interest protected by the

2    Constitution because he has not alleged, as he must under Sandin, facts related to the conditions

3    or consequences of his disciplinary hearings which show "the type of atypical, significant

4    deprivation [that] might conceivably create a liberty interest." Id. at 486.  For example, in

5    Sandin, the Supreme Court considered three factors in determining whether the plaintiff

6    possessed a liberty interest in avoiding disciplinary segregation: (1) the disciplinary versus

7    discretionary nature of the segregation; (2) the restricted conditions of the prisoner's confinement

8    and whether they amounted to a "major disruption in his environment" when compared to those

9    shared by prisoners in the general population; and (3) the possibility of whether the prisoner's

10    sentence was lengthened by his restricted custody.  Id. at 486-87.

11    To establish a due process violation, plaintiff must first show the deprivation

12    imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison

13    life.  Sandin, 515 U.S. at 483-84.  Plaintiff has failed to allege any facts from which the court

14    could find there were atypical and significant hardships imposed upon him as a result of

15    defendants' actions.  Plaintiff must allege "a dramatic departure from the basic conditions" of his

16    confinement that would give rise to a liberty interest before he can claim a violation of due

17    process.  Id. at 485.  Plaintiff has not; therefore the court finds that plaintiff has failed to allege a

18    liberty interest, and thus, has failed to state a due process claim.

19    Plaintiff has also failed to address the mootness issue.  Plaintiff alleges that his

20    due process rights were violated in the October 18, 2005, disciplinary hearing.  However, as a

21    result of the inmate appeal process, plaintiff was given a new hearing.  If plaintiff's due process

22    rights were violated, plaintiff has not shown why this claim is not moot as plaintiff was provided

23    a new hearing.  Thus, plaintiff's claims regarding the October 18, 2005, hearing should be

24    dismissed.

25    Prisoners have a constitutional right to be afforded  "a reasonably adequate

26    opportunity to present claimed violations of fundamental constitutional rights to the courts."

4

1   Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct. 2174 (1996).  This right applies to prisoners'

2   challenges to their convictions or sentences or conditions of confinement.  Id. at 354.  Prison

3   officials may not "actively interfer[e] with inmates' attempts to prepare legal documents or file

4   them."  Id. at 350.  To establish a claim for any violation of the right of access to the courts,

5   prisoners must prove an actual injury by showing that their efforts to pursue a non-frivolous

6   claim concerning their conviction or conditions of confinement has been hindered.  Id. at 350-55.

7          Plaintiff has failed to provide information concerning his legal action that

8   defendant Shankland is alleged to have interfered with.  Plaintiff has not shown that he suffered

9   an actual injury or that he was pursuing a non-frivolous claim.  In fact, plaintiff has provided no

10  new information regarding the legal action.  As a result this claim is also denied.

11         Accordingly, IT IS HEREBY RECOMMENDED that:

12         1.  Plaintiff's third amended complaint and the allegations against Shankland,

13  Martinez and Hadenfelt be dismissed and this case be closed.

14         These findings and recommendations are submitted to the United States District

15  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

16  days after being served with these findings and recommendations, any party may file written

17  objections with the court and serve a copy on all parties.  Such a document should be captioned

18  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

19  shall be served and filed within ten days after service of the objections.  The parties are advised

20  that failure to file objections within the specified time may waive the right to appeal the District

21  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

22  DATED: August 19, 2009

23

24                                          /s/ Gregory G. Hollows

25                                          _____
                                            GREGORY G. HOLLOWS
                                            UNITED STATES MAGISTRATE JUDGE
26  ggh:ab
    quil2394.dis