IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEE V. QUILLAR,

      Plaintiff,                   No. CIV S-06-2394 JAM GGH P

   vs.

D. SHANKLAND, et al.,

      Defendants.           ORDER

_____/

        This is a civil rights action filed pro se by a California state prisoner. The action currently proceeds on plaintiff's third amended complaint after the Court of Appeals reversed in part this court's prior judgment. Before the court are plaintiff's motion for severance (Doc. No. 83), plaintiff's motion for order for contempt of court (Doc. No. 89), and defendant's motion to declare plaintiff a vexatious litigant (Doc. No. 85). For the reasons outlined below, these motions are denied, and defendant is directed to respond to the Third Amended Complaint within 10 days of the filing date of this order.

        Background

        Plaintiff originally filed this action in state court on August 1, 2006, alleging, among other things, violations of his rights under the Eighth and Fourteenth Amendments of the United States Constitution by twelve defendants who either were or had been employed at the

1

California Medical Facility where plaintiff was incarcerated. See Doc. No. 1. Defendants removed the complaint to this court under 28 U.S.C. § 1441(b), which authorizes removal of state court actions that raise a federal question over which the federal courts exercise original jurisdiction. See 28 U.S.C. § 1441(b); Doc. No. 2.

On October 16, 2009, after several rounds of screening, this court dismissed the remaining claims against the remaining defendants and entered judgment. See Doc. Nos. 57, 66, 67. The plaintiff filed a timely appeal and, on March 23, 2011, the Court of Appeals remanded the action, affirming in part and reversing in part this court's October 16, 2009 judgment. See Doc. Nos. 68, 71, 74.

In particular, the Court of Appeals found that, liberally construed, the Third Amended Complaint stated a claim for relief against defendant Shankland for denial of access to the courts. See Doc. No. 71 at 2-3.

On April 21, 2011, this court directed service of the Third Amended Complaint against defendant Shankland. See Doc. No. 75. The current motions followed.

Motion for Severance

Plaintiff moves under 28 U.S.C. § 1447(c) and Federal Rule of Civil Procedure 21 to remand this action to the state court "for lack of jurisdiction."

In essence, plaintiff appears to allege that this court is required to remand his case to the state court because this court has dismissed his federal claims, and has declined to exercise supplemental jurisdiction over his state law claims. See Doc. No. 83 at 5. Defendant opposes the motion, noting, among other things, that this court has never addressed its supplemental jurisdiction over the plaintiff's state law claims. See Doc. No. 82 at 4.

Plaintiff is seeking remand under 28 U.S.C. § 1447(c), which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded..." See 28 U.S.C. § 1447(c) (outlining procedures after removal of cases from state court). However, this court retains subject matter jurisdiction over this action

because the case has been remanded from the Court of Appeals to proceed on plaintiff's Third Amended Complaint. See <u>Caldwell v. Puget Sound Electrical Apprenticeship and Training Trust</u>, 824 F.2d 765, 767 (9th Cir. 1987) (subject of controversy and parties properly before district court after reversal by court of appeals because mandate of court of appeals, once issued, returns to the district court).

As to plaintiff's state law claims, this federal court has subject matter jurisdiction over plaintiff's related state-law claims, which it may or may not choose to exercise. See <u>Carlsbad Technology, Inc. v. HIF BIO, Inc</u>., 556 U.S. 635, —, 129 S. Ct. 1862, 1866-67, 173 L. Ed. 2d 843, 849 (2009), <u>citing</u> 28 U.S.C. § 1367(a). While a district court may decline to exercise supplemental jurisdiction under certain circumstances, this court has not yet done so. <u>See</u> 28 U.S.C. § 1367(c). Moreover, plaintiff's "denial of access" claim is a federal claim over which the court would certainly have jurisdiction. In light of this continuing jurisdiction, there is no basis to remand the action back to the state court under 28 U.S.C. § 1447.

There is additionally no basis for "severance" of the dismissed defendants under Federal Rule of Civil Procedure 21, as there is no indication that the dismissed defendants were misjoined or otherwise impermissibly brought into this action under Rule 20. See <u>Coghlin v. Rogers</u>, 130 F.3d 1348, 1350 (9th Cir. 1997) ("If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance."); <u>IO Group v. Does 1-19</u>, 2010 U.S. Dist. LEXIS 133717, *8 (N.D. Cal., Dec. 7, 2010) ("If misjoinder is apparent, under Rule 21, the Court is authorized to 'drop' or 'sever' a misjoined party from the case.").

In light of this court's continuing subject matter jurisdiction over the remanded federal claim and the state law claims, plaintiff's motion for severance is denied.

<u>Defendant's Motion to Have Plaintiff Declared a Vexatious Litigant</u>

Defendant Shankland asks that plaintiff be declared a vexatious litigant pursuant to Local Rule 151(b) and, as a result, be required to post security before proceeding to trial.

1 | Defendant also asks that a pre-filing order be entered against plaintiff.

2 | Local Rule 151(b) provides:

On its own motion or on motion of a party, the Court may at any time order a party to give a security, bond, or undertaking in such amount as the Court may determine to be appropriate. The provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a procedural Rule of this Court on the basis of which the Court may order the giving of a security, bond, or undertaking, although the power of the Court shall not be limited thereby.

In turn, Section 391(b) of the California Code of Civil Procedure provides:

(b) "Vexatious litigant" means a person who does any of the following:

(1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing.

(2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.

(3) In any litigation while acting propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay.

(4) Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence.

Finally, Section 391.1 of the California Code of Civil Procedure provides:

In any litigation pending in any court of this state, at any time until final judgment is entered, a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security. The motion must be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and

4

that there is not a reasonable probability that he will prevail in the litigation against the moving defendant.

The Ninth Circuit has counseled caution in declaring plaintiffs "vexatious." That court has explained that "orders restricting a persons's access to the courts must be based on adequate justification supported in the record and narrowly tailored to address the abuse perceived." DeLong v. Hennessey, 912 F.2d 1144, 1149 (9th Cir. 1990).

Strictly speaking, plaintiff brought at least five unsuccessful lawsuits, appeals, and petitions in the seven years prior to the filing of this motion.[1] Defendants refer this court to six in particular: (1) Quillar v. Baranco, No. 04-1405 DMS (JFS) (S. D. Cal.), a civil rights complaint filed by plaintiff in 2004 which the district court dismissed without prejudice before service because plaintiff did not establish that the defendants, plaintiff's retained criminal counsel and her investigator, were acting under "color of state law." See Quillar v. Baranco, No. 04-1405, Doc. No. 4; (2) Quillar v. Baranco, No. 04-56571 (9th Cir.), plaintiff's appeal of the district court's dismissal order the above-described case, in which the Court of Appeals, after briefing, affirmed the district court; (3) Quillar v. California Department of Corrections, No. 06-15495 (9th Cir.), plaintiff's interlocutory appeal of the district court's order, entered in case no. 04-1203 KJM CKD (E.D. Cal.), granting plaintiff in forma pauperis status, directing service of his complaint, and denying injunctive relief. The appeal was dismissed for failure to respond to the Court's order to show cause; the underlying district court action continued and after judgment was entered against plaintiff in 2008, the Court of Appeals reversed and remanded for further consideration of plaintiff's request for expungement of certain disciplinary citations; (4) Quillar v. Zepeda, No. 07-15645 (9th Cir.), plaintiff's appeal of an interlocutory order entered in this district court action (No. 06-2394 JAM GGH) was dismissed by the court of appeals after that

---

[1] Based on court records identified by defendants, the court grants defendant's request for judicial notice (Doc. No. 87) and takes judicial notice of this fact pursuant to Federal Rule of Evidence 201.

court determined the order on appeal was not final; (5) Quillar v. Nielson, No. 37-2007-82024 (San Diego County Superior Court), is a state court action which, according to the order provided by defendants, dealt "extensively with the proceedings of a prior criminal trial." See Doc. No. 87, Exhibit E. According to defendants, the superior court sustained defendants' demurrer to the first amended complaint without further leave to amend and dismissed the action with prejudice; and (6) In re Quillar, No. 10-70228 (9th Cir.), a mandamus petition filed by plaintiff with the Court of Appeals, seeking its interference in his appeals from a district court order dismissing his petition for relief under 28 U.S.C. § 2254. The Court of Appeals denied the petition, finding no need for appellate intervention.

Based on defendant's motion, this court cannot say that plaintiff's filings have been so "numerous or abusive" or "inordinate" to warrant a "vexatious litigant" order. See DeLong v. Hennessey, 912 F.2d at 1147-48 (examples of "numerous or abusive" filings include plaintiffs who have filed 35 related complaints, more than 50 frivolous cases, or more than 600 complaints); Andrews v. Guzman, CIV-S-04-1107 JAM GGH P, 2009 U.S. Dist. LEXIS 50939 (E.D. Cal., June 17, 2009) (plaintiff did not prevail in any of his actions, and many were dismissed as legally frivolous at the outset).

Nor can this court say that plaintiff's litigation activity reflects a "pattern of harassment." See DeLong v. Hennessey, 912 F.2d at 1148; see also Mellow v. Martin, CIV-S-08-0027 MCE GGH PS, 2008 U.S. Dist. LEXIS 112452 (E.D. Cal., May 23, 2008) (all of plaintiff's many actions dismissed for failure to state a claim, judicial immunity, failure to respond to court order, or as frivolous).

In addition, it is not clear that plaintiff has no reasonable probability of succeeding on the merits of this case, something which must be shown before plaintiff can be declared "vexatious." See Delong v. Hennessey, 912 F.2d at 1148. In fact, the Court of Appeals has already determined that plaintiff's third amended complaint articulates a cognizable cause of action against defendant Shankland. See Doc. No. 71 at 2; see also Doc. No. 72 at 2 ("[T]he

complaint states a cognizable First Amendment claim against defendant Shankland pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations of this claim are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.")

In light of all of these facts, the court will deny defendant's motion to have plaintiff declared a "vexatious litigant."

Plaintiff's Motion for Contempt

Plaintiff asks this court to order that defendant be held in contempt for failure to file a timely answer to the Third Amended Complaint. The motion is denied because, under California Code of Civil Procedure § 391.6, applicable pursuant to E.D. Cal. Local Rule 151(b), defendant's motion to have plaintiff declared a vexatious litigant automatically stayed the litigation.[2]

Now that this court has ruled on the vexatious litigant motion, defendant shall have 10 days to respond to the Third Amended Complaint.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to sever (Doc. No. 83) is denied;

2. Plaintiff's motion for a contempt order (Doc. No. 89) is denied;

3. Defendant's motion to declare plaintiff a vexatious litigant (Doc. No. 85) is denied; and

\\\\\
\\\\\
\\\\\

---

[2] California Code of Civil Procedure § 391.6 is one of the provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, which have been adopted as a procedural Rule of this Court. The Rule reads, in pertinent part:

> When a motion pursuant to Section 391.1 is filed prior to trial the litigation is stayed, and the moving defendant need not plead, until 10 days after the motion shall have been denied....

4. Defendant shall file his response to the Third Amended Complaint within 10 days of the filing date of this order.

DATED: January 4, 2012

                                  /s/ Gregory G. Hollows
                            UNITED STATES MAGISTRATE JUDGE

GGH:rb
quil2394.vex