UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE V. QUILLAR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NIKKI ZEPEDA, et al.,<br><br>　　　　　Defendants. | Case No.2:06-CV-02394 JAM-GGH (PC)<br><br>ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER DENYING DEFENDANT'S MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT |

　　This is a civil rights action filed by Plaintiff Lee Quillar ("Plaintiff"), a pro se California state prisoner. The matter was referred to a United States Magistrate Judge pursuant to Local Rule 72-302(c)(21).

　　On August 4, 2011 Defendant D. Shankland ("Defendant") filed a Motion to Declare Plaintiff a Vexatious Litigant (Doc. #85). On January 5, 2012, the Magistrate Judge denied Defendant's Motion (Doc. #96). On January 17, 2012, Defendant filed the instant Request for Reconsideration by the District Court of the Magistrate Judge's Ruling (Doc. #97).

　　28 U.S.C. § 636(b) and E.D. Cal. Local Rule 303 govern the standard for a Motion for Reconsideration. The district court "may

1

reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 363(b)(1)A); E.D. Cal. Local Rule 303(f).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a de novo review of the Magistrate Judge's Order.

Pursuant to Local Rule 151(b), the Eastern District of California has adopted the California vexatious litigant standard, Section 391 of the California Code of Civil Procedure ("Section 391"). Section 391 defines a vexatious litigant as any person who "[i]n the immediately preceding seven-year period has commenced, prosecuted, or maintained in proper person at least five litigations other than in a small claims court that have been [] finally determined adversely to the person. . . ." The Local Rule states that "[t]he provisions of Title 3A, part 2 of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a procedural Rule of this Court . . . ." L.R. 151(b). Contrary to Defendant's argument, Local Rule 151(b) is not a bright-line rule precluding this Court from considering other factors.

Here, the Magistrate Judge based the decision to deny Defendant's Motion on the procedures set forth in De Long v. Hennessey, 912 F.2d 1144 (9th Cir. 1990). Under De Long, a District Court must make "substantive findings as to the frivolous or harassing nature of the litigant's actions." 912 F.2d at 1148 (internal citations omitted). To make such a finding, "the district court needs to look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims."

Id.

When issuing a vexatious litigant order "care is demanded in order to protect access to the courts, which serves as the final safeguard for constitutional rights." Id. at 1149. Thus, it was proper for the Magistrate Judge to consider the more substantive analysis required by De Long instead of blithely following Section 391. Accordingly, the Magistrate Judge's order is not clearly erroneous or contrary to law.

ORDER

For the reasons set forth above,

1. The Request for Reconsideration of a Magistrate Judge's Ruling is DENIED.

IT IS SO ORDERED.

Dated: February 28, 2012

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE